Filed 3/30/26  P. v. Chavero CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>ANA CHAVERO,<br><br>        Defendant and Appellant. | B343519<br><br>(Los Angeles County<br> Super. Ct. No. NA122129) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel J. Lowenthal, Judge.  Affirmed.

Heather E. Shallenberger, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Ana Chavero appeals from judgment following her conviction of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), maintaining a place for the sale, giving away, or use of a controlled substance (*id.*, § 11366), and felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)) and ammunition (*id.*, § 30305, subd. (a)(1)).[1]  After reviewing the record, defendant's appointed counsel filed an opening brief asking this court to review the record independently pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We have received no supplemental brief.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Following possible drug trafficking complaints, in May 2023 a law enforcement drug investigation team conducted surveillance of defendant's home.  Defendant, her son, and her daughters resided in the home full or part time.  Over the span of four days, officers observed various people exhibiting signs of being under the influence of drugs walk up to the residence.  The visitors would stay in the backyard area for a short time (one-to-five minutes) before leaving without having any noticeably new items on their person.  Officers deduced the visitors were purchasing drugs.

Officers executed a search warrant on defendant's home in May 2023.  After officers entered the residence, they were approached by defendant, two children (ages three and five), and at least three other people.  Following a *Miranda* admonishment, defendant told officers she had lived at the residence for 20 years.  She also told officers a firearm was hidden inside a rear bedroom

---

[1]     Subsequent unspecified references to statutes are to the Penal Code.

closet.  On the top shelf of the closet, officers found a container holding a .9 millimeter firearm, four magazines, and six boxes of ammunition.[2]

A drug sniffing dog alerted officers to a cordoned-off area in a detached garage.  There, officers located a digital scale with residue and two bags containing 2.77 pounds of methamphetamine.  Another bag containing 1.25 pounds of marijuana and boxes of additional plastic bags were found in the surrounding area.[3]  More than $600 in cash was retrieved from the garage and a car parked in the driveway.

In defense, a retired probation officer testified that defendant conducted business selling pallets out of her home.  One person who assisted defendant, Rodney Wade, had a drug issue and slept in the back area of the garage.  Asked if he was responsible for the drugs and paraphernalia, Wade admitted the methamphetamine and scale were his and agreed to take responsibility for them in court.  Outside the presence of the jury, Wade invoked his Fifth Amendment right and was excused from trial.  In addition, defendant's son testified that whenever he slept inside defendant's home (no more than two nights per month), he stored his registered firearm and ammunition in a closet.  Despite his typical routine of taking the firearm with him to work, on the day of the search he left it behind.

---

[2]     Defense counsel stipulated that defendant was previously convicted of a felony offense that prohibited her from owning, using, or possessing a firearm and ammunition within the meaning of sections 29800, subdivision (a)(1), and 30305, subdivision (a)(1).

[3]     A man detained during the search of defendant's home informed officers he worked for defendant as a handyman and received marijuana as a form of payment.

By information, defendant was charged with possession for sale of methamphetamine (Health & Saf. Code, § 11378; count 2); maintaining a place for the sale, giving away, or use of a controlled substance (*id.*, § 11366; count 3); felon in possession of a firearm (§ 29800, subd. (a)(1); count 4); felon in possession of ammunition (§ 30305, subd. (a)(1); count 5); and misdemeanor child abuse under circumstances likely to cause great bodily injury or death (§ 273a, subd. (a); count 6). The information further alleged aggravating sentencing factors (see Cal. Rules of Court, rule 4.421(b)(2), 4.421(b)(3)).

Following trial, a jury convicted defendant as charged on counts three through five and convicted defendant of the lesser-included offense of misdemeanor possession of methamphetamine on count two. The jury failed to reach a verdict on count six. The court declared a mistrial and dismissed that count (see § 1385). Defendant was sentenced to the low term of 16 months on count three; concurrent terms of 16 months on counts four through five; and a concurrent term of 180 days in county jail on count two. The court credited defendant 45 days of actual custody and good time/work time credits and suspended all fines and fees. Defendant appealed.

## DISCUSSION

On November 5, 2025, we notified defendant and appointed counsel that defendant would have 30 days to file a supplemental brief raising any contentions or arguments she wished this court to consider. Both notices directed appointed counsel to

4

immediately send the record and opening brief in this appeal to defendant. To date, we have received no response.[4]

We have examined the entire record and are satisfied that no arguable issues exist, and that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against her in this case. (*Smith v. Robbins* (2000) 528 U.S. 259, 278–279.)

## DISPOSITION

The judgment is affirmed.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


MORI, J.

We concur:


ZUKIN, P. J.


COLLINS, J.

---

[4] The notice we issued to defendant's listed address was returned in the mail with the notation, "RTS; inactive." At our request, defendant's appointed counsel submitted a notice of change of address. We resent the notice to the new address on February 18, 2026, and have received no response from defendant.